IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

CRAWFORD & COMPANY,

                Plaintiff,

v.                                                             Case No. 18-1087-EFM

RESTORE IT SYSTEMS, LLC, et al.,

                Defendants.

## ORDER

The plaintiff, Crawford & Company, has filed a motion to hold Steamway Restorations, Inc. ("Steamway") in contempt for failure to comply with a business-records subpoena, served on November 9, 2018 (ECF No. 56). On June 13, 2019, plaintiff's counsel notified the court via email that he had communicated with Steamway and that Steamway plans to comply with the subpoena. Accordingly, plaintiff's counsel asked the court not to rule on the motion for contempt while allowing Steamway to comply voluntarily. Counsel for Steamway entered his appearance on June 14, 2019, and filed a response asking for plaintiff to withdraw the motion, or alternatively, for the court to deny the motion. Based on the parties' representations that they are resolving the subpoena, the court denies the motion without prejudice.

Based on a review of the record, the court raises two additional pending issues for the parties to address. First, the complaint fails to allege facts sufficient to allow the court to verify it has subject-matter jurisdiction, specifically, whether diversity of citizenship

exists. For the reasons discussed below, by **July 3, 2019**, plaintiff shall file a response to this order, with affidavits attached, demonstrating the citizenship of each of the parties and showing cause why this case should not be dismissed for lack of jurisdiction. Second, the current status of Steamway as an entity and defendant is unclear in light of a somewhat convoluted procedural history. For these reasons, plaintiff shall include in its response a clarification of Steamway's standing as a business entity, its registered agent, its counsel, the proper address for service, and its relationship with defendants Douglas C. Knapp and Angela L. Knapp.

Background

The court will lay out the relevant background facts in some detail to clarify the issues in this case. On March 15, 2018, plaintiff filed this contract-dispute case.[1] The named defendants are Restore It Systems, LLC, doing business as Steamway Restorations; Douglas C. Knapp; and Angela L. Knapp.[2] According to the complaint, Restore It Systems, LLC purchased Steamway Restorations and conducted business under the name Steamway Restorations.[3] Mr. and Mrs. Knapp, during all relevant times, owned and operated Restore It Systems, LLC.[4] Defense counsel Thomas J. Lasater entered his appearance on behalf of

---

[1] ECF No. 1.

[2] *Id.*

[3] *Id.* at 2. For clarity, the court refers to the defendant entity as Steamway in this order unless reference to Restore It Systems, LLC is necessary.

[4] *Id.*

2

all three defendants on April 16, 2018.[5] On September 14, 2018, the court entered final judgment against Steamway on count one of the complaint, the breach-of-contract claim.[6] Although instant motion is styled as a motion for contempt against a non-party, Steamway has not been dismissed from the case, as claims for fraud and punitive damages remain pending.[7]

On October 18, 2018, Mr. Lasater withdrew as counsel for Restore It Systems, LLC, while remaining counsel for Mr. and Mrs. Knapp.[8] The motion to withdraw represents that, because judgment had been entered, "as of October 15, 2018 there are no pending trials, hearings, conferences or deadlines that apply to Restore It Systems, LLC."[9] The motion also lists one mailing address for Steamway and a different address for its current registered office.[10] Neither is the address previously listed on the court docket.[11]

---

[5] ECF Nos. 10, 11, 12.

[6] ECF No. 33.

[7] ECF No. 33 at 2 (dismissing count one of the complaint but "leaving the other counts for further proceedings").

[8] ECF No. 40.

[9] ECF No. 36.

[10] *Id.* The mailing address listed is PO Box 78, Independence, KS 67301. The registered office address listed is 709 N. 12th St., Independence, KS 67301, and was apparently found on the Kansas Secretary of State's website. *Id.*

[11] The address on the court docket was 1817 W. Main St., Independence, KS 67301. As of June 17, 2019, the address on the court docket has been changed to 709 N. 12th St., Independence, KS 67301.

On October 31, 2018, plaintiff filed a notice of intent to issue a business-records subpoena to Steamway.[12] Plaintiff served the subpoena on Steamway's registered agent, Kurt F. Kluin, on November 9, 2018, requesting eleven categories of documents to be produced by November 16, 2018. The return of service was filed on November 14, 2018, noting that the subpoenas had been executed upon Steamway, as well as an individual named Linda Kirchoff.[13] Steamway failed to object or produce any documents. On November 26, 2018, Mr. and Mrs. Knapp filed for Chapter 13 bankruptcy relief, which stayed the present litigation.[14] The bankruptcy proceeding was dismissed on April 26, 2019, and the bankruptcy stay was lifted.[15] To date, Steamway has not produced any documents in response to the subpoena.[16]

Plaintiff filed the instant motion on June 3, 2019. The same day, plaintiff filed a notice of serving the instant motion, as well the amended scheduling order setting forth the briefing deadlines (ECF No. 53), by mailing these items to Steamway's Chanute, Kansas address, where the subpoenas were executed. Notably, this is yet another address, different from the three prior addresses provided for Steamway. Docket entries on May 29, 2019

---

[12] ECF No. 42.

[13] *See* ECF Nos. 43, 44, 45. The subpoena (ECF No. 43), which was accompanied by a subpoena to testify at a deposition (ECF No. 45), was served on Kurt F. Kluin, a registered agent of Steamway, at 105 S. Highland, PO Drawer G, Chanute, KS 66720.

[14] ECF No. 46.

[15] ECF No. 48.

[16] ECF No. 56.

and June 3, 2019 reflect that mail sent to the 1817 W. Main St., Independence, KS address were returned as undeliverable.[17] A June 12, 2019 docket entry indicates that recent filings, including the amended scheduling order and the court's May 23, 2019 order for a status conference, were re-mailed to defendant at the 709 N. 12th St., Independence, Kansas, address.[18]

On June 14, 2019, Mr. Lasater filed a motion to withdraw as counsel for Mr. and Mrs. Knapp due to issues "between these defendants that raise potential conflicts of interest for joint representation," in addition to defendants' financial inability to pay counsel.[19] The court granted Mr. Lasater's motion on June 20, 2019.[20] The same day, Coy Martin, a Kansas attorney, filed a notice of limited entry of appearance for Steamway,[21] for the limited purpose of responding to the motion for contempt.[22] Steamway then filed a response to the motion, representing that Steamway has not yet complied with the subpoena

---

[17] ECF Nos. 54, 55.

[18] The court referenced an address found in ECF No. 39, which is a notice of service of defense counsel's motion to withdraw, filed on October 23, 2018.

[19] ECF No. 58.

[20] *See* ECF No. 63.

[21] ECF No. 60.

[22] *Id.*

5

due to a prior agreement with plaintiff's counsel to confer after the lifting of the bankruptcy stay.[23]

Business-Records Subpoena

Based on the parties' representations that Steamway intends to voluntarily comply with the subpoena, the court denies the motion without prejudice. As discussed above, it appeared that Steamway had not been properly served with pertinent documents, including the instant motion or amended scheduling order. It now appears that the parties have made progress in handling this issue without court intervention. At a minimum, before filing any renewed motion on this issue, plaintiff's counsel should certify it has made a good faith effort to confer with counsel for Steamway, now that counsel has entered his appearance.

Citizenship of Parties

The complaint alleges this court has subject matter jurisdiction under 28 U.S.C. § 1332(a)(1) because the parties are completely diverse.[24] However, it fails to allege facts sufficient to allow the court to confirm whether diversity of citizenship exists. To establish diversity jurisdiction, the citizenship of a business entity is determined by its organizational structure. For example, if the business is a corporation, its citizenship is both the state where it is incorporated and the state where its principal place of business is located.[25] And if the business is an unincorporated association (such as a limited liability company,

---

[23] ECF No. 61.

[24] ECF No. 1.

[25] 28 U.S.C. § 1332(c)(1); *Newsome v. Gallacher*, 722 F.3d 1257, 1267 (10th Cir. 2013).

general partnership, or limited partnership), its citizenship is determined by the citizenship of each one of its members.[26] The court has an independent obligation to satisfy itself that subject matter jurisdiction is proper.[27] It "must dismiss the cause at any stage of the proceedings in which it becomes apparent that jurisdiction is lacking."[28]

Here, the complaint indicates that defendant Restore It Systems, LLC is a Kansas corporation with its principal place of business in Kansas.[29] However, defendant's answer responds that Restore It Systems, LLC is a limited liability company.[30] If Restore It Systems, LLC is, in fact, an LLC, the complaint is silent as to the identity and citizenship of its individual members. Thus, the allegations fail to establish citizenship for diversity jurisdiction purposes.

Service of Process

Additionally, in the complaint, Douglas Knapp is listed as the registered agent of Restore It Systems, LLC.[31] Later, in the return of service related to the subpoena, Kurt F.

---

[26] *Americold Realty Trust v. Conagra Foods, Inc.*, 136 S. Ct. 1012, 1014-15 (2016); *Siloam Springs Hotel, LLC v. Century Sur. Co.*, 781 F.3d 1233, 1234 (10th Cir. 2015); *Meyerson v. Showboat Marina Casino P'ship*, 312 F.3d 318, 320 (7th Cir. 2002).

[27] *Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 434 (2011).

[28] *Penteco Corp. Ltd. P'ship v. Union Gas Sys., Inc.*, 929 F.2d 1519, 1521 (10th Cir. 1991); *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject matter jurisdiction, the court must dismiss the action.").

[29] ECF No. 1.

[30] ECF No. 23.

[31] ECF No. 1.

Kluin, an attorney in Chanute, Kansas, is listed as the registered agent,[32] and Mr. Kluin is identified as the registered agent in plaintiff's motion for contempt.[33]  As discussed above, four different addresses have been used for Steamway.  Until Mr. Martin filed his notice of limited entry of appearance on June 14, 2019, Steamway had no counsel after Mr. Lasater withdrew.[34]  The current relationship between Steamway and Mr. and Mrs. Knapp is unclear from the record, particularly in light of the Knapps' bankruptcy case and Mr. Lasater's recent motion to withdraw as counsel for the Knapps.  The complex history regarding the representation of the parties and their relationship with each other necessitates clarification.  For these reasons, plaintiff shall include in its response a clarification of Steamway's status as a business entity, its registered agent, its counsel, the proper address for service, and its current relationship with Mr. and Mrs. Knapp.

IT IS THEREFORE ORDERED that by **July 3, 2019,** plaintiff shall file a response to this order, with affidavits attached, demonstrating the citizenship of each of the parties, clarifying the status of Steamway, and showing cause why this case should not be dismissed for lack of subject-matter jurisdiction.  The undersigned judge previously has expressed a concern that this case may not make any economic sense if it turns out that all the defendants are essentially "judgment proof."  Although that doesn't permit the court to ignore possible defects in subject-matter jurisdiction, plaintiff might ultimately be better

---

[32] ECF No. 43.

[33] ECF No. 56.

[34] ECF Nos. 36, 60.

off voluntarily dismissing this case in lieu of filing the response now required by the court.

IT IS FURTHER ORDERED that plaintiff's motion for contempt is denied without prejudice.

Dated June 20, 2019, at Kansas City, Kansas.

<u>s/ James P. O'Hara</u>
James P. O'Hara
U.S. Magistrate Judge